IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 112,590

STATE OF KANSAS ex rel. DEREK SCHMIDT, ATTORNEY GENERAL,
*Petitioner*,

v.

KEVIN P. MORIARTY, CHIEF JUDGE, TENTH JUDICIAL DISTRICT,
AND SANDRA MCCURDY, CLERK OF THE DISTRICT COURT,
TENTH JUDICIAL DISTRICT,
*Respondents*.

## ORDER

This original action was filed October 10, 2014, by petitioner Attorney General Derek Schmidt, alleging that respondent Chief Judge Kevin P. Moriarty of the Tenth Judicial District exceeded his administrative authority and contravened Kansas constitutional, statutory, and common law by issuing Amended Administrative Order 14-11. This Order permitted marriage licenses to be issued to same-sex couples. Respondent Sandra McCurdy is the Clerk of the District Court in the Tenth Judicial District. Her office is responsible for complying with Amended Administrative Order 14-11 in the acceptance of applications for, and issuance of, marriage licenses.

In the Attorney General's petition, he seeks the following relief "on an expedited basis":

"(a)    An order directing the Respondents to *immediately* cease from issuing marriage applications or licenses to same gender couples in contravention of existing Kansas law;

"(b)    A *peremptory* writ of mandamus barring the Respondents from following or   otherwise implementing Administrative Order 14-11;

"(c)    An order vacating Administrative Order 14-11 and declaring it null and void; and

1

"(d)     Such other and further relief as the Court deems just and proper attributable to Respondents' failure to follow the law." (Emphases added.)

The court has carefully reviewed the Attorney General's petition and memorandum in support. Given the nature of his claim—based in part as it is on what he believes to be inconsistent practice among the state's 31 judicial districts—it is appropriate that jurisdiction remain in this court. Relief is not available in the district court. See Supreme Court Rule 9.01(b) (2013 Kan. Ct. Rule Annot. 82).

On the Attorney General's petition and memorandum, we do not discern a need for an immediate or peremptory grant of relief under K.S.A. 60-802(b), nor for an ex parte grant of relief under Supreme Court Rule 9.01(c)(2). Simply put, the Attorney General's right to relief on the merits is not clear, nor is it apparent per the Rule "that no valid defense to the petition can be offered," given the interpretation and application of the United States Constitution by panels of the United States Tenth Circuit Court of Appeals. See *Bishop v. Smith*, 760 F.3d 1070 (10th Cir. 2014); *Kitchen v. Herbert*, 755 F.3d 1193 (10th Cir. 2014).

Nevertheless, in the interest of establishing statewide consistency, we grant the Attorney General's alternative request, advanced in his memorandum, for a temporary stay of Chief Judge Moriarty's Amended Administrative Order 14-11, insofar as this Order allows issuance of marriage licenses. Applications for marriage licenses may continue to be accepted during the period of the stay. The stay shall remain in force pending further order by this court.

In addition, we order the following:

(1)     Respondents shall file a response to the petition by 5:00 p.m. on October 21, 2014. Under Supreme Court Rule 9.01(c)(3)(B), the respondents may file a joint response. But Chief Judge Moriarty also remains free to invoke Supreme Court Rule 9.01(c)(3)(C), which provides that he may decide not to appear in this proceeding.

2

(2) Any additional briefing the parties wish to submit on any currently pending issue must be filed by 5:00 p.m. on October 28, 2014. The currently pending issues include but are not limited to:

(a) Whether Chief Judge Moriarty possessed authority to issue Amended Administrative Order 14-11;

(b) Whether Chief Judge Moriarty was correct in asserting that the interpretations and applications of the United States Constitution by panels of the Tenth Circuit Court of Appeals are supreme and therefore modify any Kansas state constitutional, statutory, or common law ban on same-sex marriage; and

(c) Even if the Tenth Circuit rulings on federal constitutional law are supreme, whether Kansas' state constitutional, statutory, or common law bans on same-sex marriage are permissible under the United States Constitution.

(3) No extensions of the filing deadlines set out above in (1) and (2) will be considered or permitted.

(4) Counsel for any party appearing in this action must appear for oral argument at 10:00 a.m. on November 6, 2014. Each side will be allowed 15 minutes of argument. Should both respondents appear, they will be responsible for allocating the 15 minutes allowed to their side of the case between them. The court will not entertain any motion for a continuance of this setting.

IT IS SO ORDERED THIS 10th day of October 2014.

Lawton R. Nuss
Chief Justice

3